IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MATTHEW DREW MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00086 |
| | ) |
| COUNTY OF HAMILTON, TENNESSEE, | ) JURY TRIAL DEMANDED |
| HAMILTON COUNTY SHERIFF JIM | ) |
| HAMMOND, QCHC OF TENNESSEE, PLLC, | ) |
| OFFICER JAMES LEWIS, OFFICER TYLER | ) |
| HOLLAND, OFFICER SAMUEL STEPHESON, | ) |
| OFFICER PAUL HICKS, OFFICER BENJAMIN | ) |
| PEERY, OFFICER ERIC QUALLS, OFFICER | ) |
| CERION CARSON, OFFICER JOHN HARGIS, | ) |
| OFFICER BRANDON BOOTH, OFFICER | ) |
| STEPHEN ROBERTS, OFFICER DYLAN | ) |
| MCCLOUD, OFFICER RODNEY TERRELL, | ) |
| OFFICER JESSE BASKOWSKY, OFFICER | ) |
| ROBERTSON, OFFICER CHASTAIN, OFFICER | ) |
| GELACIO, OFFICER HUGHES, OFFICER | ) |
| GREENE, OFFICER ACKERMANN, OFFICER | ) |
| ALLEN, OFFICER GAZZAWAY, OFFICER | ) |
| BRADFORD, OFFICER THOMPSON, OFFICER | ) |
| GREEN, OFFICER JOHNSON, OFFICER | ) |
| LEDFORD, OFFICER CASTELLANOS, | ) |
| OFFICER TAYLOR, OFFICER CRAIG, OFFICER | ) |
| SATTERFIELD, OFFICER KERNEA, OFFICER | ) |
| PITRE, OFFICER PERICH, OFFICER MURPHY, | ) |
| OFFICER ORTWEIN, OFFICER WYATT, | ) |
| OFFICER HORN, OFFICER ROWLANDS, | ) |
| OFFICER JACKSON, OFFICER CHISHOLM, | ) |
| OFFICER SMITH, OFFICER HARTMAN, | ) |
| NURSE E. WATSON, NURSE LORIE GRAVES, | ) |
| NURSE KENNETH CRIDER, JR., NURSE M. | ) |
| ALFINDA, NURSE KELLY POWELL, NURSE | ) |
| EDWINS, DONALD KERN, MD, CHEYENNE | ) |
| HUX, MD, and JOHNNY BATES, MD. | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF NURSE MARJORIE ALFINDA**

Comes now the Defendants Nurse Marjorie Alfinda (named in the caption as "Nurse M. Alfinda"), and for answer to the Complaint filed in this action would state as follows.

1. Paragraph 1 of the Complaint states the legal basis for which this action was brought and therefore no response is required of this Defendant. This Defendant does deny that she acted with deliberate indifference with respect to the Plaintiff.

2. This Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraphs 2-4 of the Complaint and therefore neither admits nor denies the same. This Defendant further avers such allegations are not pertinent to the present cause of action, are only intended to sensationalize Plaintiff's cause of action and should be stricken from the Complaint.

3. For answer to the averments contained in Paragraph 5 of the Complaint, this Defendant avers that the medications provided to the Plaintiff while incarcerated are reflected in his medical records and that they provided him with all necessary medications required for his condition and as were available under the conditions then and there present. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained within Paragraph 5 of the Complaint and therefore neither admits nor denies the same.

4. The averments contained in Paragraph 6-8 of the Complaint state the statutory basis for jurisdiction and venue upon which this action is brought and no response is required thereto.

5. This Defendant is without sufficient knowledge or information to admit the averments contained in Paragraph 9 of the Complaint and therefore neither admits nor denies the same. This Defendant does specifically deny that the Plaintiff was denied adequate medical care.

6. The averments contained in Paragraphs 10-57 of the Complaint pertain to another or others and therefore no response is required of this Defendant.

7. For answer to the averments contained in Paragraphs 58 of the Complaint, it is admitted that this Defendant were employed by QCHC and working at Silverdale but it is denied she failed to provide adequate medical care to the Plaintiff. This Defendant relies upon the medical records of Matthew Miller for a more complete description of the medical care rendered.

8. The averments contained in Paragraph 59-63 of the Complaint pertain to another or others and therefore no response is required of this Defendant.

9. The averments contained in Paragraph 64 of the Complaint state legal conclusions and a request for leave to amend the Complaint, neither of which require a response thereto.

10. For answer to the averments contained in Paragraphs 65-87 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such allegations and therefore neither admits nor denies the same. Further, this Defendant avers that such allegations are not relevant to the present cause of action and are included in the Complaint to sensationalize this claim and should therefore be stricken from the Complaint. This Defendant specifically denies that she failed to provide adequate medical care.

11. For answer to the averments contained in Paragraphs 88-98 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such allegations and therefore neither admits nor denies the same.

12. For answer to the averments contained in paragraph 99 of the Complaint, such averments are denied as stated. The Defendant relies upon the emergency room records of Mr. Miller for a complete and accurate description of the injuries the Plaintiff sustained.

13. This Defendant is without sufficient knowledge or information as to the averments contained in Paragraphs 100-102 of the Complaint and therefore neither admits nor

denies the same. This Defendant further relies upon the emergency department records of Mr. Miller for a complete and accurate description of his injuries.

14. For answer to the averments contained in Paragraph 103 of the Complaint, it is admitted that Plaintiff was placed in a cell closer to the booking area to allow for monitoring of his condition and mental health evaluation after his return from the emergency department. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in paragraph 103 of the Complaint and therefore neither admits nor denies the same.

15. For answer to the averments contained in Paragraphs 104-107 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same.

16. For answer to the averments contained in Paragraph 108 of the Complaint, it is admitted that medications were administered through a slot in the door. It is denied the Plaintiff was never offered medication for pain. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 108 of the Complaint and therefore neither admits nor denies the same.

17. This Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraphs 109 – 125 of the Complaint. This Defendant refers to the medical records of Mr. Miller regarding the care he was administered and medications received while at Silverdale. This Defendant maintains the Plaintiff received adequate medical care for his conditions and that appropriate orders were placed for Plaintiff's follow-up care and medications. It is noted that the HIV medication was on order from the pharmacy, as reflected in the medical records of the Plaintiff.

18. In response to Paragraph 126 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

19. Paragraphs 127-128 of the Complaint only contain statements of the law to which no response is required.

20. The averments contained in Paragraphs 129-132 are denied.

21. In response to Paragraph 133 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

22. The averments contained in Paragraphs 134-145 of the Complaint pertain to another or others and therefore no response is required of this Defendant.

23. In response to Paragraph 146 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. The averments contained in Paragraphs 147-148 contain legal conclusions to which no response is required.

25. The averments contained in Paragraph 149 of the Complaint are denied as they pertain to this Defendant.

26. In response to Paragraph 150 of the Complaint, this Defendant adopts and incorporate by reference all preceding paragraphs as if fully set forth herein.

27. The averments contained in Paragraph 151 of the Complaint are denied as they pertain to this Defendant.

28. The averments contained in Paragraph 152 of the Complaint state a legal conclusion to which no response is required.

29. The averments contained in paragraphs 153-154 are denied as they pertain to this Defendant.

30. The averments contained in Paragraph 155 of the Complaint are denied as they pertain to this Defendant.

31. The averments contained in Paragraphs 156-157 of the Complaint state requests for relief to which no response is required.

32. In response to Paragraph 158 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

33. The averments contained in Paragraphs 158-161 are denied as they pertain to this Defendant.

34. In response to Paragraph 162 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

35. The averments contained in Paragraph 163 state a legal conclusion to which no response is required.

36. The averments contained in Paragraphs 164-165 of the Complaint are denied as they pertain to this Defendant.

37. For answer to Plaintiff's prayers for relief, this Defendant denies the Plaintiff is entitled to the relief claimed against her under the theories alleged or any theory whatsoever. This Defendant further avers that the Plaintiff was provided adequate medical care while incarcerated at Silverdale Detention Facility. This Defendant demands a jury of twelve to try this action.

38. For answer to any averments contained in the Complaint not heretofore admitted, explained or denied, such averments are denied and strict proof is demanded thereof.

39. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense any statute of limitations or statute of repose defenses that the evidence may show to be applicable.

40. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant asserts that the Plaintiff has failed to state a claim upon which relief may be granted.

41. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant relies on any defenses available to it pursuant to the provisions of Tenn. Code Ann. § 29-26-101 et seq. (2012 & Supp. 2014).

42. This Defendant specifically denies that Plaintiff is entitled to punitive damages. To the extent that the Court allows Plaintiff to proceed with a claim for punitive damages at any time in this action, this Defendant asks the Court to bifurcate any punitive damages claim.

43. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiffs, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense the defenses of intervening or superseding cause that the evidence in this civil action might show to be applicable.

44. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense the defenses of independent intervening negligence and/or acts of others, and lack of proximate cause that the evidence in this civil action might show to be applicable.

45. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant asserts as an affirmative defense that to the extent that the Plaintiff or co-Defendants caused or contributed to any injury or damage for which Plaintiff

seeks recovery, this Defendant relies upon the doctrine of comparative fault, and state that fault on the part of the Plaintiff and/or co-Defendants bars any recovery against this Defendant, or, in the alternative, requires that any recovery against this Defendant be reduced in accordance with the degree or degrees of comparative fault of the Plaintiff and/or co-Defendants whose fault caused or contributed to any injury or damage for which Plaintiffs seek recovery.

46. For further answer to the Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant states that none of the alleged actions violated the Plaintiff's Constitutional rights and that she are not liable to Plaintiff under any theory of liability under either federal or state law.

47. This Defendant reserves the right to raise any other defenses not expressly referenced in this Answer that the evidence may show applicable, subject to the approval of this Honorable Court.

48. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant reserves the right, subject to this Honorable Court's approval, to amend her Answer as discovery and the evidence in this civil action might show to be justified.

**WHEREFORE**, this Defendant, now having fully answered the allegations of the Plaintiff's Complaint filed in this civil action, prays that the Plaintiff's claims against her be dismissed. Alternatively, this Defendant demands a jury to try this civil action pursuant to Rules 38 and 48 of the Federal Rules of Civil Procedure.

Respectfully submitted this 20th day of October, 2023.

s/Jason H. Long
Jason H. Long (BPR No. 018088)

LEWIS THOMASON
JLong@lewisthomason.com
620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37901-2425
Telephone: (865) 546-4646
Fax: (865) 523-6529

Attorney for Defendant Nurse Marjorie Alfinda.

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and exact copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

       This 20th day of October, 2023.

                                                       /s/Jason H. Long
                                                     ATTORNEY